Monell, J.
The defendant, in his moving papers, after stating that he has appealed in good faith, under the advice of counsel, that he is entitled to a reversal of the judgment, says, that he is a fur merchant in the city of New York, and has been engaged in such business for upwards of twenty years past. That the capital invested in such business is about $350,000, which capital consists of a stock óf furs and raw materials of about that value. He says there is no other judgment against him, and no suit or suits pending, except one for the recovery of eleven hundred dollars, to which he has a good defense'. That he purchases his merchandize almost exclusively for cash; and is not indebted to any one. He- further says he is the owner, in fee, of real estate, of the value of about $100,000.
In opposition, the plaintiffs stated in their affidavit, as tending to impair the responsibility of the defendant, that in February, 1867, he assigned a mortgage for $10,815, to pay a loss on Pacific mail stock contracts; That in March of the same year, he mortgaged property on Fifth avenue and Forty-ninth street. That in April, he assigned to the Mutual Life Insurance Company, mortgages upon real estate, amounting to upwards- of $100,000, for an expressed consideration of $80,000. That subsequently to, and about the time of the assignment, he purchased valuable real estate, °and had the title vested in his wife. In May he sold the same real estate, and in November, other real estate. On the 7th of December, he assigned a lease to his attorney, and executed mortgages for $55,000. It also appeared that the defendant was assessed for personal estate, for the year 1867, the sum of *445 $20,000 only; and in 1866, he was assessed the sum of $50,000, but made oath that his personal estate did not exceed $20,000, and that he returned no income during the year 1866, liable to taxation under the-internal revenue laws of the United States. It was also stated that the defendant had lost about $70,000 in February, 1867, in sj;ock speculations.
In refutation and explanation of these statements, on the part of the plaintiffs, the defendant Moser in his counter affidavit stated, that the business in which he was engaged, was not of a fluctuating nature, or much liable to depreciation in value. In this he was corroborated by the affidavits of several fur dealers. He says that the mortgage assigned in February, was afterwards re-assigned to himself. That long prior to the commencement of this action, he was under contracts to purchase large quantities of real estate, and to enable him to complete which, he mortgaged the property on Fifth avenue and Forty-ninth street for $20,000, and that said property is worth $70,000. He likewise assigned the several mortgages to the Mutual Life Insurance Company, to enable him to complete other purchases of real estate, which purchases he made to be sold at an advance. He denied that the title to any real estate purchased by him was vested in his wife. He stated that the lease assigned to his attorney was held as security for a loan which was nearly paid, and was assigned to his attorney for him to assign over when the balance of the loan was paid, unaffected by the plaintiff’s judgment. That the two mortgages executed on the 7th of December, for $55,000, were for the purpose of obtaining security upon the appeal in this case, and have no other consideration. In explanation of the $20,000 assessment of personal estate, he says, he did not know that his stock of merchandize was subject to taxation.
*446 This motion is addressed to the favor of th e court, and can only be granted in the exercise of a sound discretion, upon satisfactory proof that the rights of the plaintiffs will not be prejudiced, or they subjected to probable loss.
The judgment in this case is for a very large sum, and it is easy to see that more or less difficulty must attend the effort to get the requisite security to stay the proceedings upon the appeal. Nevertheless, the defendant should not be excused from furnishing such securty, unless it can be seen, looking at all the facts, that there is strong reason to believe that the defendant is the owner and possessor of property amply sufficient to render payment of the judgment certain, if it shall be affirmed.
I have examined the affidavits with close attention, and I am satisfied that the defendant is worth much more than double the amount of the judgment. That his property is of a fixed character, and not liable to much fluctuation or depreciation in price or value; that he is engaged in a permanent business of long standing, and is free from debt. His real estate worth, as he states, about $100,000, is already subjected to the lien of the judgment, and cannot be discharged from it.
Hnder these facts, I cannot believe there is any danger of loss to the plaintiffs. I cannot believe that the defendant either can or will dispose of his property, or place it beyond the reach of the plaintiffs’ judgment, and there is nothing in any of the statements of a supposed intention of the defendant to delay the proceedings, which has shaken my belief in the integrity of his appeal.
I think, therefore, his motion should be granted. In the constitution of the. appellate branch of this court, and the frequency of its terms, but little time need elapse before the appeal can be heard and decided.
Motion granted.